No. 22-0067, *In re E.H., J.S., E.K., and C.K.*

FILED
November 17, 2022
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Armstead, Justice, dissenting:

I agree that the circuit court's December 27, 2021 dispositional order, in and of itself, is scant at best. However, the circuit court's findings on the record, when combined with its orders, provide sufficient support for the circuit court's determination in this case. The circuit court heard testimony from several witnesses and, as the majority outlined:

> The circuit court found by clear and convincing evidence that Petitioner had abused the children based on his admission to engaging in domestic violence with B.H. Likewise, the circuit court adjudicated B.H. as an abusing parent based on her admitted participation in domestic violence with Petitioner. The court stated that it had reviewed the transcript of C.K.'s testimony at Petitioner's trial but had not reviewed the transcript of C.K.'s forensic interview. The circuit court deferred ruling on the allegations of sexual abuse until it could review that transcript. On November 1, 2021, the circuit court entered an order finding by clear and convincing evidence that Petitioner had sexually abused C.K.

(Footnote omitted.)

The circuit court's finding in its November 1, 2021 order that Petitioner had sexually abused C.K. is clearly the primary basis for its determination at disposition that Petitioner's parental, custodial, and guardianship rights should be terminated as to E.H and J.S due to "aggravated circumstances." West Virginia Code 49-4-604(c)(7)(A) (eff. 2020)

1

states that "aggravated circumstances" include, but are not limited to, "abandonment, torture, chronic abuse, and *sexual abuse*[.]" (Emphasis added). [1]

Moreover, the circuit court's findings during the dispositional hearing provide additional support for the circuit court's determination. Specifically, the circuit court found:

> Well, I'm going to terminate his parental rights to all the children. I'm going to amend my earlier finding, and here's why: I mean, I think there -- not only the sexual assault but just the entire gamut of these things. It's just not, you know, -- it's just bad. That's all I can say.
>
> I believe the child. I know they found him [Petitioner] not guilty but I thought the child was very creditable. I thought the interview was very creditable.

In addition, the colloquy at the hearing supports a determination that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected, as required by West Virginia Code § 49-4-604(c)(6). Jay Williams, counsel for the mother of J.S., stated, "if you don't admit you've got a problem, you can't get treated for it. That's a huge risk to other children, and . . . I agree with the State about aggravated circumstances." The circuit court agreed, stating, "Mr. Williams is right, *I haven't seen*

---

[1] By statute, "aggravated circumstances" are present, among other occasions, when the court finds that a "parent has subjected . . . any . . . child residing in the same household or under the temporary or permanent custody of the parent to . . . sexual abuse[.]" W. Va. Code § 49-4-604(c)(7)(A). Such a finding relieves the Department of Health and Human Resources of any duty "to make reasonable efforts to preserve the family[.]" W. Va. Code § 49-4-604(c)(7).

***any real attempt to improve on some of these things***, so I'm terminating the parental

rights." (Emphasis added.)

Based upon these findings, made upon the record, the circuit court's findings

and conclusions within the dispositional order entered in December 2021 stated, in part,

that:

> Upon consideration of the matters presented and argument of counsel, this court **FINDS** and concludes, *in the best interest of the children* that:
>
> A Multi-Disciplinary Treatment Team Meeting is scheduled for January 3, 2021 at 10:00 a.m.
>
> **WHEREFORE**, it is hereby **ORDERED** that:
>
> The Court **ORDERS** that the parental, custodial, and guardianship rights of the Respondent [R.H.] be terminated as those rights relate to the infant children, [E.H.] and [J.S.], *due to aggravated circumstances*.

(Emphasis added.)

Admittedly, the dispositional order itself is not a model of clarity as to the

circuit court's rationale for its findings. It is necessary, in order to truly discern the court's

rationale, to piece together the various orders and findings on the record during the

dispositional hearing. However, the law does not require a circuit court to state *all* its

findings of fact and conclusions of law in a written order. The West Virginia Rules of

Procedure for Child Abuse and Neglect Proceedings require a court to "make findings of

fact and conclusions of law, in writing *or on the record*, as to the appropriate disposition

in accordance with the provisions of W. Va. Code § 49-4-604." W. Va. R. Proc. Child Ab.

3

& Negl. Proc. 36(a) [eff. 2015] (emphasis added).   Therefore, we do not review a dispositional order in isolation.[2]  *See In re J.M.*, No. 19-0548, 2020 WL 1231713, at *3 (W. Va. Mar. 13, 2020) (memorandum decision) (stating that "*the record supports* the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of neglect, given his untreated alcohol addiction and anger management issues" (emphasis added)).

I do not wish to condone the admitted dearth of detailed findings contained in the circuit court's dispositional order.  The statutes, rules and case law governing abuse and neglect proceedings in West Virginia call for findings indicating that the circuit court has reviewed the evidence and properly applied the applicable statutory requirements to such evidence in reaching its determination to terminate a parent's parental rights.  Here, while the order itself does not provide sufficient findings in this regard, the order, the circuit court's prior November 1, 2021 order and its findings on the record, albeit minimal, are sufficient in my view to support the circuit court's determination.  Therefore, I disagree with the majority opinion's conclusion that the circuit court's dispositional order, as supplemented by the circuit court's findings from the bench, should be vacated.

---

[2] *See* Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings *in the order or on the record* supporting such conclusion, and fails to state statutory findings required by West Virginia Code § 49–6–5(a)(6) (1998) (Repl.Vol.2001) *on the record or in the order*, the *order* is inadequate." (emphasis added)).

Accordingly, I would affirm the circuit court's termination of Petitioner's parental, custodial, and guardianship rights to E.H and J.S.